THE CITY OF INDEPENDENCE v. JEKEL ET AL.

1. **Municipal corporations**: CONSTRUCTION OF ORDINANCE. An ordinance allowing sixty days within which to construct a sidewalk did not authorize the work to be in progress during all that time if, with reasonable diligence, it might have been completed in less.

2. ———: LIABILITY FOR DEFECTIVE SIDEWALK: ORDINARY CARE A QUESTION FOR JURY. What precautions against accident are required in repairing a defective sidewalk is a question of fact for the jury.

*Appeal from Buchanan Circuit Court.*

THURSDAY, JUNE 11.

ONE Glass recovered a judgment against the City of Independence for damages sustained by him on account of injuries received from falling into a cellar door, opening upon a sidewalk of a street of the city, which was negligently left without covering or railing for the protection of persons passing along that way. Jekel had charge of the work and the other defendant is the owner of the property. The city paid the judgment and brought this action to recover for the amount thereof against said defendants. There was a verdict and judgment for defendants. Plaintiff appeals.

*D. W. Brukhart, L. W. Hart,* for appellant.

No appearance for appellee.

RECK, J.—The defense to the action pleaded in the court below is that the owner of the property was required by an ordinance of the city to build a sidewalk at the place where the accident occurred and complete the same within sixty days; that the building upon the lot was below grade and it was necessary to raise it before completing the sidewalk; that the walk was done with all dispatch, and due care was exercised for the protection of persons·passing along the street. Evidence tending to support the defense was introduced. The plaintiff's evidence tended to prove that there was unnecessary delay in replacing the sidewalk after the old one had been removed;

that a window and doorway to the cellar had been left open, and without any protection for travelers along the street, and that the person recovering the judgment against the city had received the injuries for which the city was made liable by falling into the doorway.

I. The court instructed the jury that under the ordinance the defendants were entitled to have the full period of sixty days in which to do the work. If this instruction is to be understood that they complied with its terms, if the work was undertaken and finished in sixty days, it is correct. But on the other hand it is not correct if it means that defendant had all of the sixty days during which they could have the work in progress; that is, they were authorized to begin their work, and then take the sixty days, or so much thereof as remained in completing it, leaving the sidewalk in an unfinished condition, without efforts to complete it within a reasonable time. We are inclined to the opinion that it was so understood by the jury. It was therefore erroneous, because misleading.

*1. MUNICIPAL CORPORATIONS: construction of ordinance.*

II. Another instruction is to the effect that if it was necessary to remove the railings around the cellar doorway in order to build the new sidewalk, and no notice was given to defendants to close this open doorway, they are not liable if they used reasonable care to prevent accident. If this instruction was not intended to express the thought that ordinary or reasonable care did not require the doorway to be closed without notice to defendants so to do, the jury in our opinion were likely to so understand it; in truth, this seems to be its proper meaning.

*2. ——: liability for defective sidewalk.*

It would have been proper to leave to the jury the determination of the question whether reasonable care required with other precautions against accidents, the doorway to be closed. If it did, the fact that defendants had no notice so to do, could not excuse them for the omission. The instruction in our opinion is erroneous.

Because of these errors the judgment of the Circuit Court is

REVERSED.